IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT H. LEE, JR.** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.** | : | **No. 06-1518** |

### MEMORANDUM OPINION

NORMA L. SHAPIRO, S.J.　　　　　　　　　　　　　　　　　　　　　　　OCTOBER 14, 2008

INTRODUCTION

This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. On August 28, 2007, following a settlement by the parties, this court dismissed the action with prejudice pursuant to Local Rule of Civil Procedure 41.1(b). Plaintiff now moves to reopen the case "due to [an alleged] breach of [the] general release and settlement agreement." For the reasons that follow, plaintiff's motion will be denied.

I.　　FACTUAL AND PROCEDURAL HISTORY

On April 11, 2006, plaintiff Robert H. Lee, Jr. filed a *pro se* complaint alleging unlawful discrimination in violation of his civil rights against the City of Philadelphia and various individuals.[1] Plaintiff later obtained counsel and the parties reached a settlement. On August 28, 2007, the court entered an order dismissing the action with prejudice pursuant to Local Rule of

---

[1] On June 30, 2006, plaintiff also filed a *pro se* complaint alleging unlawful discrimination under Title VII against the Fraternal Order of Police Lodge No. 5. The court entered an order approving a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). Lee v. Fraternal Order of Police, Civil Action No. 06-2478 (E.D. Pa. Aug. 28, 2007).

Civil Procedure 41.1(b).

On February 21, 2008, plaintiff brought a new action alleging unlawful discrimination under federal and state law against the City of Philadelphia. The court granted defendant's motion to dismiss plaintiff's new claims except for a retaliation claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621. <u>Lee v. Philadelphia</u>, Civil Action No. 08-862 (E.D. Pa. July 3, 2008). On August 20, 2008, plaintiff filed the instant motion to reopen this earlier action to reassert the Title VII claims.

II.     DISCUSSION

Plaintiff's motion, styled as a "motion to reopen civil action," seeks relief from a final judgment entered by this court on August 28, 2007. The action was dismissed pursuant to Local Rule of Civil Procedure 41.1(b), providing that upon notification by the parties the action has been settled, the clerk "shall, upon order of the judge . . ., enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel." The Rule also states that "[a]ny such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." Plaintiff's motion to reopen was filed on August 20, 2008, nearly a year after the court entered its order of dismissal. Because plaintiff failed to file his motion within ninety days of the entry of the order, the motion is untimely.

Absent relief under Local Rule 41.1(b), plaintiff must meet the requirements of Federal Rule of Civil Procedure 60(b) to obtain relief from a final judgment. Rule 60(b) requires the movant to establish one of six justifications. In his motion, plaintiff provides no justification for

such relief. Plaintiff's moving papers offer little more than a nearly identical recitation of his complaint in Civil Action number 08-862.[2] While the allegations asserted in plaintiff's motion may form the basis for a motion to amend the complaint in Civil Action number 08-862, they do not justify revisiting the final judgment entered in this action.

To the extent plaintiff's motion can be construed as a motion to enforce the settlement agreement entered into by the parties in this action, it must be denied for lack of subject matter jurisdiction. "[U]nless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement . . .." Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir. 1993). See also Shaffer v. Gte N., 284 F.3d 500, 504 n.4 (3d Cir. 2002) ("breach of a settlement agreement does not qualify as an 'extraordinary circumstance' as required to set aside a dismissal order under Rule 60(b)(6)"). The court manifested no intent to retain jurisdiction over the case and the settlement agreement is neither part of the record nor incorporated in the order of dismissal. Accordingly, the court is without federal question or diversity subject matter jurisdiction to enforce the terms of the settlement agreement.

## CONCLUSION

Plaintiff's motion is denied for three reasons. First, Plaintiff's motion to reopen this civil action is untimely under Local Rule of Civil Procedure 41.1 (b). Second, Plaintiff has failed to establish any grounds for relief under Federal Rule of Civil Procedure 60 (b). Third, this court

---

[2] Plaintiff's moving papers add language from the settlement agreement and new factual allegations relevant to Civil Action number 08-862.

lacks subject matter jurisdiction to enforce the terms of the settlement agreement.

An appropriate order will follow.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT H. LEE, JR.** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.** | : | No. 06-1518 |

## ORDER

AND NOW, this 14th of October, 2008, for the reasons set forth in the attached Memorandum Opinion, IT IS ORDERED that Plaintiff's Motion to Reopen Due to Breach of Settlement Agreement is DENIED.

/s/ Norma L. Shapiro
S.J.